UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eli J. Miller, | Case No. 21-cv-0124 (WMW/LIB) |
| Plaintiff, | **ORDER** |
| v. | |
| Ed Harshbarger, | |
| Defendant. | |

Before the Court is Plaintiff Eli J. Miller's motion for default judgment against Defendant Ed Harshbarger. (Dkt. 18.) For the reasons addressed below, Miller's motion for default judgment is granted.

## BACKGROUND

Miller, a resident of Minnesota, alleges that Harshbarger, a resident of Idaho, agreed to buy 2,065 hogs from Miller, at a price of $50 per hog. Harshbarger also agreed to pay for the cost of delivering the hogs. The hogs were delivered, and Harshbarger did not reject, return, or attempt to return, any of the hogs that Miller delivered. But Harshbarger has failed to pay Miller $103,250, the price for the hogs, or $67,084.50, the cost of delivery.

On January 15, 2021, Miller commenced this action, advancing three claims to relief. Count I alleges breach of contract, Count II alleges unjust enrichment, and Count III alleges conversion.

The Court granted Miller's motion for alternative service after Miller was unable to serve Harshbarger.  Miller served Harshbarger by publication in May and June 2021, and filed proof of publication on June 22, 2021.  On July 8, 2021, Miller applied for an entry of default, which the Clerk of Court entered on July 12, 2021.  Miller now moves for default judgment.

## ANALYSIS

To obtain a default judgment, a party must follow a two-step process.  The party seeking a default judgment first must obtain an entry of default from the Clerk of Court.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Here, Miller sought an entry of default, which the Clerk of Court entered against Harshbarger on July 12, 2021.  The entry of default is supported by the record, which reflects that Harshbarger was properly served with the complaint and summons and he has failed to answer or otherwise respond to the complaint.

After default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Upon default, the factual allegations in the complaint are deemed admitted except those relating to the amount of damages.  Fed. R. Civ. P. 8(b)(6); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere

2

conclusions of law." *Murray*, 595 F.3d at 871 (internal quotation marks omitted); *accord Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).

A district court also must ascertain the amount of damages before entering a default judgment. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) ("[A] default judgment cannot be entered until the amount of damages has been ascertained."). A party seeking a default judgment must prove its damages to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001). A district court may determine damages by computing from the facts of record the amount that the plaintiff is lawfully entitled to recover and enter judgment accordingly. *Pope v. United States*, 323 U.S. 1, 12 (1944).

Miller does not address whether the parties' contract is governed by Minnesota or Idaho law. Under Minnesota law, "[t]he elements of a breach of contract claim are (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014). Under Idaho law, "[t]he elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Edged In Stone, Inc. v. Nw. Power Sys., LLC*, 321 P.3d 726, 730 (Idaho 2014) (internal quotation marks omitted).

When accepted as true, the facts Miller alleges in the complaint set forth a valid breach-of-contract claim under both Minnesota law and Idaho law.[1]  Therefore, the sole remaining issue before the Court is the amount of damages.  *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

The record supports default judgment in the amount Miller requests, $170,334.50.  Miller attests that Harshbarger agreed to purchase 2,065 hogs for a price of $50 per hog, and agreed to pay for the cost of delivering the hogs to the locations Harshbarger requested.  The aggregate cost of the purchase was, therefore, $103,250.  Miller provides copies of the veterinary inspection certificates for the hogs, which list Harshbarger as the consignee and contact person at the destination.  The record also includes receipts for the delivery costs, which support the $67,084.50 in delivery costs that Miller seeks.  Based on this evidence, Miller has established the requested damages by a preponderance of the evidence.  Accordingly, Miller is entitled to $170,334.50, the total of the purchase price for the hogs and the delivery costs incurred transporting the hogs to Harshbarger.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.  Plaintiff Eli J. Miller's motion for default judgment, (Dkt. 18), is **GRANTED**.

---

[1]  Miller's complaint also alleges conversion and unjust enrichment on the same facts.  Because Miller's requested damages are the same under each theory of the case and Miller has sufficiently alleged a breach of contract, the Court need not evaluate whether he has adequately pleaded conversion or unjust enrichment.

2.      The Clerk of Court shall enter judgment in the amount of $170,334.50

against Defendant Ed Harshbarger and in favor of Plaintiff Eli J. Miller.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  December 16, 2021                    s/Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge